UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VENICE PI, LLC,

                    Plaintiff,

        v.

DAVID SCOTT, et al.,
MARY ELLEN AVELAR, et al.,
RUSLAN KHILCHENKO, et al.,
INA SICOTORSCHI, et al.,
GREGORY SCOTT, et al.,
YELENA TKACHENKO, et al.,
LETHA HUSEBY,
RANDY PATTERSON, et al.,
VICTOR TADURAN, et al.,
EDWARD JILES, et al.,
JASMINE PATERSON, et al.,
DAVID MEINERT, et al.,

                    Defendants.

C17-0988 TSZ
C17-0990 TSZ
C17-0991 TSZ
C17-1074 TSZ
C17-1075 TSZ
C17-1076 TSZ
C17-1160 TSZ
C17-1163 TSZ
C17-1164 TSZ
C17-1211 TSZ
C17-1219 TSZ
C17-1403 TSZ

MINUTE ORDER

        The following Minute Order is made by direction of the Court, the Honorable
Thomas S. Zilly, United States District Judge:

        (1)     Plaintiff's motions to resume these cases, docket no. 45 in C17-988, no. 65
in C17-990, no. 55 in C17-991, no. 61 in C17-1074, no. 51 in C17-1075, no. 43 in C17-
1076, no. 47 in C17-1160, no. 56 in C17-1163, no. 46 in C17-1164, no. 67 in C17-1211,
no. 53 in C17-1219, and no. 51 in C17-1403, are GRANTED, but solely for the purpose
set forth in this Minute Order.  Plaintiff's copyright infringement claims in these twelve
(12) actions remain pending against sixty (60) of the 154 defendants originally named.
Eight (8) individuals have filed answers, and three (3) others are represented by counsel.
No defendant has been declared in default.  By Minute Order entered January 8, 2018, the
Court required plaintiff to show cause why its claims should not be dismissed with
prejudice for one or more of the following reasons:  (a) failure to comply with Local Civil

Rule 7.1(a);[1] (b) failure to establish that plaintiff is properly formed as a limited liability company under California law; and/or (c) failure to state a cognizable claim. Plaintiff timely filed materials in response to such Minute Order, and subsequently filed the now pending motions to resume these cases. Thereafter, the United States Court of Appeals for the Ninth Circuit issued a decision in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018), which requires plaintiff to plead, in support of its copyright infringement claims, "something more" than each defendant's status as the subscriber of an Internet Protocol address associated with transmission of a segment of plaintiff's motion picture via a peer-to-peer network using the BitTorrent protocol. *See id.* at 1145. Plaintiff is hereby DIRECTED to SHOW CAUSE, on or before November 16, 2018, why the Court should not, in light of *Cobbler*, dismiss the amended complaint in each of these cases either (i) with prejudice, or (ii) without prejudice and with leave to amend.

(2) Any objection by a defendant to plaintiff's response to this show cause order shall be filed by December 7, 2018. Any reply by plaintiff to any such objection shall be filed by December 14, 2018.

(3) The Clerk is DIRECTED to send a copy of this Minute Order to all counsel of record and to all pro se defendants who have answered or otherwise appeared.

Dated this 19th day of October, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[1] In its various corporate disclosure statements, plaintiff indicated that it is "owned by Lost Dog Productions, LLC, which is owned by Voltage Productions, LLC." *See, e.g.,* Pla.'s Corp. Disclosure (C17-988, docket no. 4). Plaintiff did not indicate the state(s) in which Lost Dog Productions, LLC and Voltage Productions, LLC are organized. The Statement of Information filed on behalf of plaintiff with the California Secretary of State, however, provided a California address for Lost Dog Productions, LLC. In response to the Court's query, plaintiff submitted the declaration of Michael Wickstrom, Senior Vice President of Royalties for Voltage Pictures, LLC. Wickstrom Decl. at ¶ 1 (C17-988, docket no. 35). According to Wickstrom, both Lost Dog Productions, LLC and Voltage Productions, LLC are organized under Nevada law, and Voltage Productions, LLC has its principal place of business at 6422 Deep Dell Place in Los Angeles, California, which is the address for Voltage Pictures, LLC's agent for service of process. *Id.* at ¶ 5 and Exs. B & D. The Court accepts plaintiff's clarification concerning the state in which its parent entities are organized, but makes no ruling regarding whether plaintiff and/or its parent entities have complied with the requirements of California law.